# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Offender Under Supervision

**Name of Offender:** Bounepheng Savongsy **Docket Number:** 0972 1:10CR00462

**Name of Judicial Officer**: Honorable Lawrence J. O'Neill

**Date of Original Sentence:** 1/23/2012

**Original Offense:** 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), Conspiracy to Manufacture, to Distribute, and to Possess With the Intent to Distribute Marijuana (CLASS D FELONY)

**Original Sentence:** 37 months imprisonment; 36 months supervised release; $100 SA; Mandatory drug testing

**Special Conditions:** 1) Search and seizure; 2) Financial disclosure; 3) Drug offender registration; 4) Community service in lieu of employment; 5) Cooperate with Immigration and Customs Enforcement

**Type of Supervision:** TSR

**Date Supervision Commenced:** 7/26/2013

**Other Court Actions:** None

---

### PETITIONING THE COURT

☒ **TO ISSUE A WARRANT**

☐ **TO ISSUE A SUMMONS**

☐ **OTHER:**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

| **Charge Number** | **Nature of Violation** |
|---|---|
| **Charge 1** | **FAILURE TO NOTIFY OF CHANGE IN RESIDENCE** |

On January 16, 2014, United States Probation Officer Eric Illarmo of the Middle District of Tennessee, advised that the offender returned to Laos sometime in December 2013 without notice of his departure. This in violation of standard condition number 6, to wit: "The defendant shall notify the probation officer 10 days prior to any change in residence or employment."

**Justification:** The offender commenced supervision in the Middle District of Tennessee in July 2013. Apparently, the offender expressed a desire to return to Laos; however, sometime in December 2013, the offender left the United States without providing Officer Illarmo information regarding the travel, or notice of his departure. Officer Illarmo subsequently learned the offender would not return to the United States. The offender has not attempted to make contact with this probation office and his whereabouts are not known. This officer attempted to contact a collateral contact provided by Probation Officer Illarmo; however, the phone number is no longer valid. Homeland Security officials are unable to provide any assistance as this officer is unaware of the offender's passport number or date of departure from the United States.

**Bail/Detention:** The defendant was originally sentenced for a drug trafficking offense. He has reportedly left the country, and his whereabouts are not known. Given the offender's demonstrated status as a flight risk, it is recommended he be remanded into custody pending disposition of this petition.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON: February 24, 2014**
**Fresno, California**

Respectfully submitted,

**Ross Micheli**
**United States Probation Officer**
Telephone: (559) 499-5730

**DATED:** 2/24/2014

Reviewed by,

**/s/ Tim Mechem**

**Tim Mechem**
**Supervising United States Probation Officer**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant. No Bail.

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge

CC:

United States Probation

Assistant United States Attorney: Karen A. Escobar

Defense Counsel: Yan E. Shrayberman

United States Marshal Service

IT IS SO ORDERED.

Dated: **February 27, 2014** **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Lawrence J. O'Neill
United States District Judge
Fresno, California

RE: Savongsy, Bounepheng
**Docket Number:** 0972 1:10CR00462

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1: FAILURE TO NOTIFY OF CHANGE IN RESIDENCE**

**a. Evidence:**

i. Letter from United States Probation Officer Eric Illarmo, dated January 16, 2014, indicating the offender left the United States to travel to Laos.

**b. Witnesses:**

i. United States Probation Officer Ross Micheli

Respectfully submitted,

**Ross Micheli**
**United States Probation Officer**
Telephone: (559) 499-5730

**DATED:** 2/24/2014
Fresno, California

Reviewed by,

**/s/ Tim Mechem**

**Tim Mechem**
**Supervising United States Probation Officer**

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:** Bounepheng Savongsy **Docket Number:** 0972 1:10CR00462

**Date of Original Offense:** 08/01/2010 – 11/06/2010

**Original term of supervised release imposed:** 3 **years**

**Highest grade of violation alleged:** C

**Criminal History Category of offender:** I

**Original guideline range:** 37 **to** 46 **months.**

**Chapter 7 range of imprisonment:** 3 **to** 9 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**

☐ **Class A felony - 5 years** ☐ **Class B felony - 3 years**
☒ **Class C and/or D felony - 2 years**
☐ **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation: YES:** ☐ **NO:** ☒

**Original offense committed on or after 04/30/2003**: Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above. There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:** Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of: 1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing. If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:** Title 18 USC 3583(g) amended and instructs that supervision be revoked for: Testing positive for illegal controlled substances more than three times over the course of one year.